Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Ian L. Garriques
Assistant United States Attorney
402 E. Yakima Ave., Ste. 210
Yakima, WA 98901-2760
Telephone: (509) 454-4425

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 25, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NOE RUBIO-FARIAS,<br><br>    Defendant. | NO. 1:21-CR-02009-SAB-1<br><br>PLEA AGREEMENT |

Plaintiff United States of America, by and through Joseph H. Harrington, Acting United States Attorney, and Ian L. Garriques, Assistant United States Attorney, for the Eastern District of Washington, and Defendant Noe Rubio-Farias (hereinafter "Defendant"), and the Defendant's counsel, Gregory L. Scott, agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant agrees to plead guilty to the Information Superseding Indictment, charging the Defendant with Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). The Defendant understands that the maximum statutory penalties for the preceding offense is not less than 5 years of imprisonment and not more than life imprisonment; a fine of up to $250,000; not more than 5 years of supervised release; a $100 special assessment; and loss of certain federal benefits.

The Defendant understands that a violation of a condition of supervised release

Plea Agreement – 1

carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. <u>Video Proceedings:</u>

Pursuant to this Court's General Order 20-101-3 (eff. March 30, 2020), and any extensions thereof, and Section 15002(b) of the CARES Act, Pub. L. No. 116-136 (H.R. 748) (eff. March 27, 2020), the Defendant agrees to the use of video conferencing (or telephone conferencing if video conferencing is not reasonably available) for any eligible hearings listed in Section 15002(b) of the CARES Act, including any felony plea hearing and sentencing.

3. <u>Court is Not a Party to the Agreement:</u>

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

4. <u>Denial of Federal Benefits:</u>

The Defendant understands that by entering this plea of guilty the Defendant is no longer eligible for assistance under any state program funded under part A of title IV of

Plea Agreement – 2

the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Further, the Court may deny the Defendant's eligibility to any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. § 862.

5. <u>Waiver of Constitutional Rights:</u>

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a. The right to a jury trial;

    b. The right to see, hear and question the witnesses;

    c. The right to remain silent at trial;

    d. The right to testify at trial; and

    e. The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney.

6. <u>Elements of the Offense:</u>

The United States and the Defendant agree that in order to convict the Defendant of Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A), as charged in the Information Superseding Indictment, the United States must prove beyond a reasonable doubt the following elements:

(1) the Defendant committed a drug trafficking crime, to wit, distribution of a mixture and substance containing a detectable amount of fentanyl; and

(2) the Defendant knowingly carried a firearm during and in relation to that

///

///

Plea Agreement – 3

crime.

9th Cir. Model Instruction 8.71 (2010) (modified).

7. <u>Factual Basis and Statement of Facts:</u>

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for the Defendant's guilty plea:

Between June and December, 2020, DEA used a confidential source (CS) to conduct six separate controlled purchases of methamphetamine and/or fentanyl-laced pills from Noe RUBIO-FARIAS in Yakima, WA. The buys occurred on June 18, July 8, August 25, October 7, November 5, and December 8, 2020. During each controlled purchase, agents surveilled the transactions, while the CS was equipped with an audio and video recording device. According to the CS, RUBIO-FARIAS possessed a firearm during five of the controlled purchases of narcotics above.

During a buy of fentanyl laced pills on October 7, 2020, the CS – at agent direction – asked RUBIO-FARIAS about purchasing a firearm from RUBIO-FARIAS. On November 2, 2020, RUBIO-FARIAS told the CS during a recorded Spanish phone call that RUBIO-FARIAS had sold a firearm to a friend, but would try to buy it back and sell it to the CS.

On November 5, 2020, the CS purchased approximately 300 fentanyl laced pills from RUBIO-FARIAS for $2,100.00, as well as, a silver colored revolver with a black handle for $600.00, in Yakima, WA. RUBIO-FARIAS drove from his residence to the meet location and sold the CS a Weihrauch Windicator, .357 caliber revolver, bearing serial number 1761795, and approximately 300 fentanyl laced pills weighing approximately 91.4 grams.

On January 21, 2021, DEA agents arrested RUBIO-FARIAS after he attempted to sell the CS 1,000 fentanyl laced pills in Yakima, WA, which were later seized. Based on the 6 buys above and his arrest, RUBIO-FARIAS distributed and/or possessed with intent to distribute approximately 1,234.7 grams of methamphetamine and 2,600

Plea Agreement – 4

fentanyl laced pills.

This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

8. <u>The United States Agrees:</u>

   a. <u>Not to File Additional Charges:</u>

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment and the Information Superseding Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

   b. <u>Dismissal of Charges:</u>

Following sentencing and pursuant to Fed. R. Crim. P. Rule 48(a), the United States agrees to move to dismiss, as to the Defendant, the charges in the Indictment filed on February 9, 2021. The Defendant understands and agrees that the U.S. Probation Office and the Court may still consider the conduct underlying any dismissed charges in determining relevant conduct under the Sentencing Guidelines.

9. <u>United States Sentencing Guideline Calculations:</u>

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are advisory to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

The guideline sentence is the minimum term of imprisonment required by statute. U.S.S.G. § 2K2.4(b). Here, the minimum term of imprisonment required by statute is five (5) years. 18 U.S.C. § 924(c)(1)(A)(i).

   a. <u>Base Offense Level:</u>

The United States and the Defendant agree that pursuant to U.S.S.G. § 2K2.4(b),

Plea Agreement – 5

the guideline sentence for Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A), is a minimum term of imprisonment of five (5) years as required by 18 U.S.C. § 924(c)(1)(A)(i). Furthermore, pursuant to U.S.S.G. § 2K2.4(b), Chapters Three (Adjustments) and Four (Criminal History and Criminal Livelihood) of the Sentencing Guidelines shall not apply to a conviction for Carrying a Firearm During and in Relation to a Drug Trafficking Crime.

  b. <u>Acceptance of Responsibility</u>:

The United States and the Defendant agree that the provisions for acceptance of responsibility are not applicable.

  10. <u>Criminal History</u>:

The United States and the Defendant agree that no criminal history computations are necessary, as the sentence is a mandatory minimum period of incarceration, regardless of the Defendant's criminal history.

  11. <u>Departures and/or Variances</u>:

The United States and the Defendant agree and stipulate to recommend that the

///

Court impose a sentence of sixty (60) months of imprisonment.

  12. <u>Incarceration</u>:

The United States and the Defendant agree and stipulate to recommend that the Court impose a sentence of sixty (60) months of imprisonment.

  13. <u>Criminal Fine</u>:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

  14. <u>Supervised Release</u>:

The United States and the Defendant agree to recommend that the Court impose a term of supervised release of five (5) years and to recommend that the Court impose the statutorily mandated, standard, and suggested special conditions of supervised release recommended by the U.S. Probation Office and as set forth in the Presentence

Plea Agreement – 6

Investigation Report.

15. <u>Mandatory Special Penalty Assessment:</u>

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

16. <u>Administrative Forfeiture:</u>

The Defendant, NOE RUBIO-FARIAS, agrees to voluntarily forfeit and relinquish all right, title, and interest he has in the following listed assets, to the United States Drug Enforcement Administration (DEA):

- $6,093.00 U.S. currency; and,
- Assorted Designer Handbags and Belts.

The Defendant acknowledges that the assets are subject to forfeiture to the United States pursuant to 21 U.S.C. § 853 and/or 21 U.S.C. § 881, as facilitating property and/or as property constituting proceeds obtained directly or indirectly from violation(s) of 21

///

U.S.C. § 841.

The Defendant agrees not to contest the forfeiture of the above-listed assets in any administrative forfeiture proceedings initiated against said assets by DEA, and hereby agrees to execute any and all forms, documents, and pleadings, if necessary, to effectuate the forfeiture of the assets. Defendant consents to the forfeiture of said assets without further notice of forfeiture proceedings.

The Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, forfeiture, and disposal of any assets included in this plea agreement.

17. <u>Payments While Incarcerated:</u>

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these

Plea Agreement – 7

obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

18. <u>Additional Violations of Law Can Void Plea Agreement:</u>

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

19. <u>Hyde Amendment Waiver:</u>

The Defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

20. <u>Effect on Immigration Status:</u>

The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, due to the charge to which Defendant is pleading guilty, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that while deportation and/or removal appears to be a virtual certainty, no one, including her attorney or the Court, can predict with absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty.

21. <u>Appeal Rights:</u>

The Defendant expressly waives his right to appeal any aspect of his conviction and sentence imposed by the Court in this case. Furthermore, the Defendant expressly waives his right to file any post-conviction motion attacking his conviction and sentence,

Plea Agreement – 8

including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

The Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the conviction or sentence in this case, except for ineffective assistance of counsel as noted above. If the Defendant files a notice of appeal, a habeas petition, or other collateral attack, notwithstanding this agreement, the Defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the government to withdraw from the Plea Agreement.

22. <u>Waiver of Inadmissibility of Statements</u>:

The Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). This waiver shall apply if the Defendant withdraws this guilty plea or breaches this Plea Agreement. The Defendant acknowledges that any statements made by the Defendant to law enforcement agents in the course of plea discussions in this case would be admissible against the Defendant in the United States' case-in-chief if the Defendant were to withdraw or breach this Plea Agreement.

23. <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind

///

///

Plea Agreement – 9

other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Joseph H. Harrington
Acting United States Attorney

_____        8/25/21
Ian L. Garriques                                           Date
Assistant United States Attorney

I have read this Plea Agreement or have had this Plea Agreement read to me. I have carefully reviewed and discussed every part of the Plea Agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

N.R.F.                                                           8/25/21
Noe Rubio-Farias                                         Date
Defendant

I have read the Plea Agreement and discussed its contents with my client. If my client was unable to personally read the Plea Agreement prior to his plea hearing due to COVID-19 restrictions, I read the Plea Agreement to my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I

Plea Agreement – 10

concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____     25 Aug 2021
Gregory L. Scott                              Date
Attorney for the Defendant

     I hereby certify that I have read and translated the entire foregoing document to the Defendant in a language with which the Defendant is conversant. If questions have arisen, I have notified the Defendant's counsel of the questions and have not offered or given legal advice or personal opinions.

Natalia Rivera                    _____       8/25/2021
Interpreter's Printed Name      Interpreter's Signature     Date

Plea Agreement – 11