FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 27, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>  v.<br><br>NOE RUBIO-FARIAS<br><br>        Defendant. | No.   1:21-CR-02009-SAB-1<br><br>ORDER ACCEPTING PLEA AND SETTING SENTENCING SCHEDULE |

On August 25, 2021, Defendant appeared before the Court in Yakima, Washington and entered a plea of guilty to Count 1 of the Information Superseding Indictment filed on the same day, charging him with Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). Defendant was represented by Gregory L. Scott. The United States was represented by Assistant United States Attorney Ian Garriques.

The Court finds that Defendant is fully competent and aware of the nature of the charges and consequences of the plea, that he knowingly waived his right to indictment by a grand jury, that the plea of guilty is knowing and voluntary, is not induced by fear, coercion, or ignorance, and is supported by an independent basis in fact establishing each of the essential elements of the crime. Therefore, Defendant's plea of guilty is accepted.

Accordingly, **IT IS ORDERED**:

1. All pending pretrial motions, if any, are **DENIED AS MOOT**.

2. Sentencing shall be held **December 8, 2021**, at **10:00 a.m.** in **Yakima, Washington**. Pending sentencing Defendant shall remain in the custody of the United

ORDER ACCEPTING PLEA AND SETTING SENTENCING SCHEDULE ~ 1

States Marshals Service pursuant to this Court's previous Order.

3. The United States Probation Officer shall prepare a timely presentence investigation report ("PSIR") which will comply with the following schedule:

(a) Not less than **35 days prior to the date set for sentencing**, the Probation Officer shall disclose the PSIR to counsel for Defendant and the United States. Within **14 days thereafter**, counsel shall communicate in writing to the probation office any objections they may have as to any factual errors or omissions; sentencing classifications; sentencing guideline ranges; and policy statements contained in or omitted from the report. Such communication may be oral initially but shall immediately be confirmed in writing to the Probation Officer and opposing counsel.

Objections shall be numbered and identify the paragraph(s) to which the objection applies. Objections shall address the PSIR in sequential order, beginning with the lowest numbered paragraph.

(b) After receiving counsel's objections, the Probation Officer shall conduct any further investigation and make any revisions to the PSIR that may be necessary. The Probation Officer may require counsel for both parties to meet with the officer to discuss unresolved factual and legal issues and counsel shall make themselves available for that purpose.

(c) At least **10 days prior to the date of the sentencing hearing**, the Probation Officer shall submit the PSIR to the sentencing judge. The PSIR shall be accompanied by an addendum setting forth any objections counsel may have made, including those that have not been resolved, together with the officer's comments and recommendations thereon. The Probation Officer shall certify that the contents of the report, other than sentencing recommendations, including any revisions or addenda, have been disclosed to counsel for the Defendant and the United States, and that the addendum fairly states any remaining objections.

(d) Except with regard to any written objection made under sub-division (a), the PSIR and computations shall be accepted by the Court as accurate. Upon a timely

ORDER ACCEPTING PLEA AND SETTING SENTENCING SCHEDULE ~ 2

objection by the Defendant, the United States bears the burden of proof on any fact that is necessary to establish the base offense level. The Court, however, for good cause shown, may allow a new objection to be raised at any time before the imposition of sentence. In resolving disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, the Defendant, or the United States.

(e)   Nothing in this Order requires the disclosure of any portions of the PSIR that are not disclosable under Rule 32 of the Federal Rules of Criminal Procedure.

(f)   The PSIR shall be deemed to have been disclosed: (1) when a copy of the report is physically delivered; or (2) one day after the report's availability for inspection is orally communicated; or (3) three days after a copy of the report or notice of its availability is mailed to counsel, whichever date is earlier.

(g)   **Any memorandum or motion** regarding sentencing must be filed and served at least **15 days prior to the date set for sentencing**. The opposing party shall file and serve a response, if any, **within 7 days** of receipt of the motion.

4.   By and through this Order, the District Court Executive is authorized to accept Defendant's payment in the amount of $100 per count, for a total of $100, toward Special Penalty Assessments.

The District Court Executive is directed to file this Order and provide copies to counsel **AND TO** the United States Probation Office.

**DATED** this 27th day of August 2021.



Stanley A. Bastian
Chief United States District Judge

ORDER ACCEPTING PLEA AND SETTING SENTENCING SCHEDULE ~ 3